EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>551-2020-02545 |
|---|---|---|

Idaho Human Rights Commission                                              and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*<br>Ms. Angela K. Cox | Home Phone *(Incl. Area Code)*<br>(239) 269-0669 | Date of Birth |
|---|---|---|

Street Address: 505 N 9TH AVE, Pocatello, ID 83201

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>SOS SECURITY LLC | No. Employees, Members<br>500 or More | Phone No. *(Include Area Code)* |
|---|---|---|

Street Address: 1915 U.S. 46, Parsippany, NJ 07054

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 05-01-2019    Latest: 11-11-2019
[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I began working for Respondent on or around November 1, 2018, as a Security Officer. During the course of my employment, I satisfactorily performed my duties. I was involuntarily discharged on or around November 11, 2019.

I have disabilities Respondent is aware of. In or around May 2019, I requested reasonable accommodations from management. My accommodations had been in place without any issues. However, when SOS SECURITY (Respondent) took over, I was harassed daily by HR personnel to provide medical documentation, although this documentation was already in the file. For instance, HR asked me for a copy of my service dog's certification and advised me that it should wear apparel that identifies as a service animal. These actions created a hostile work environment for me. Despite that, I complied with all their request; the harassment and hostile work environment continued. Subsequently, in July 2019, I was reprimanded twice within a week for attendance issues, despite Respondent's awareness of my medical conditions. To my knowledge, similarly-situated employees were not subjected to this same treatment as compared to me. My conditions worsened. On or around November 7, 2019, I sent a text message to my supervisor, Ron Vandom, that I was in the Emergency Room (ER). Subsequently, the doctor placed me on medical leave from November 7th to 11th. I immediately submitted medical documentation to support my medical leave. Consequently, on November 10, 2019, my supervisor told me that as of November 11, 2019, I was discharged. Respondent gave no reasons for its actions.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>09/13/2020        *[signature]*<br>Date                Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 161 (11/2020)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Angela K. Cox<br>505 N 9TH AVE<br>Pocatello, ID 83201 | From: | Seattle Field Office<br>909 First Avenue<br>Suite 400<br>Seattle, WA 98104-1061 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 551-2020-02545 | Isabel Jeremiah,<br>Investigator | (206) 220-6936 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X]   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectib**

On behalf of the Commission

For                                                May 10, 2021

Enclosures(s)                                    *(Date Issued)*

cc:   **Sarah Williams**
**Legal Services Group ALLIED UNIVERSAL**
**161 WASHINGTON ST, STE 600**
**Conshohocken, PA 19428**

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively BOTH transitory (lasting or expected to last six months or less) AND minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.