UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ANGELA K. COX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALLIED UNIVERSAL,<br><br>　　　　Defendants. | Case No. 4:21-cv-00318-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Angela K. Cox's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. §1915, the Court must review Cox's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because she is filing to proceed in forma pauperis, the Court must also undertake an initial review of Cox's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court will GRANT Cox's application to proceed in forma pauperis and will waive the filing fee in its entirety. Further, the Court finds Cox's Complaint legally sufficient to survive initial review.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or

defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and any dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks and citation omitted).

The Court has examined Cox's application to proceed in forma pauperis and finds it conclusively establishes her indigence. Cox lists her monthly income as $1217, all stemming from disability payments. Cox reports her monthly expenses are $1180. Dkt. 1, at 4. Cox did not submit other documentation of her income or any other personal financial statements corroborating her claims. As Cox spends approximately what she receives and does not have substantial discretionary income, the Court will waive the fee entirely.

For these reasons, the Court finds Cox has sufficiently proved her indigence under 28 U.S.C. §1915.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim

upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a Court of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court will have original jurisdiction "of all civil action arising under the Constitution, laws, or treaties of the United States." *Id*. Additionally, the Court will have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367.

Here, Cox accuses Defendants of violating provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*. Dkt. 2, at 3. At face value, Cox's complaint contains issues all arising from violations of the ADA—a federal statute—which provides this Court with jurisdiction under § 1331.

The ADA generally prohibits discrimination on the basis of an individual's disability. To "establish a prima facie case of employment discrimination under the ADA, a plaintiff must prove three elements: (1) the plaintiff is disabled within the meaning of the ADA; (2) the plaintiff is a qualified individual able to perform the essential functions of the job, either with or without reasonable accommodations; and (3) his employer terminated him because of his disability." *Harshbarger v. Sierra Pac. Co.*, 26 Fed. App'x. 707, 709 (9th Cir. 2002); Americans with Disabilities Act (ADA) of 1990 §§ 102, 201; 42 U.S.C. §§ 12112, 12132.

In this case, Cox alleges that Defendant discriminated against her in violation of the ADA on the basis of her disabilities, PTSD and induced chronic venous insufficiency (Dkt. 2, at 4; Dkt 2-2 at 3–11). Construing pro se pleadings liberally and giving Cox the benefit of any doubt, Cox has adequately alleged an ADA legal claim at this stage of the proceedings. The Court is not foreclosing Cox's ability to amend her complaint with further claims.  Thus, the Court finds the federal question criteria of 28 U.S.C. § 1331 preliminarily met.

## IV. CONCLUSION

Cox's application to proceed in forma pauperis establishes her indigency. Additionally, Cox's Complaint is legally sufficient, and this case may proceed.

## V. ORDER

1. Cox's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is GRANTED as stated herein.

2. After an initial review of the Complaint, the Court will allow Cox to proceed with her claims against Defendants.

3. Cox may proceed with service of the Summons of his Complaint in accordance with applicable procedures.[1]

DATED: October 7, 2021

David C. Nye
Chief U.S. District Court Judge

---

[1] The Court advises Cox that she is subject to the same rules of procedure as parties represented by counsel. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984). Cox may obtain additional information about how to proceed as a self-represented party, as well as copies of the Federal Rules of Civil Procedure and the District of Idaho Local Civil Rules, on the Court's website: http://www.id.uscourts.gov/district/forms_fees_rules/Civil_Rules.cfm. The Court shall issue and serve process for Cox only if requested.

MEMORANDUM DECISION AND ORDER - 5